IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
ANNA TONJES,                      )
                                  )
          Plaintiff,              )       8:08CV124
                                  )
     v.                           )
                                  )
THE EVANGELICAL LUTHERAN GOOD     )       ORDER
SAMARITAN SOCIETY,                )
                                  )
          Defendant.              )
_____)
```

This matter came before the Court on plaintiff's motion to remand this case to the District Court of Dodge County, Nebraska (Filing No. 10), and motion for extension of time (Filing No. 16).  This action was initially filed in the District Court of Dodge County, Nebraska, on February 19, 2008, and was timely removed to this Court on March 19, 2008 (Filing No. 1).

Removal was premised upon diversity and an allegation that the amount in controversy exceeded $75,000, exclusive of costs and interest.  Plaintiff alleges that she sustained substantial physical injuries as a result of a fall upon defendant's property.  In her original complaint, she alleged medical expenses totaling $39,637.03.  In addition, she alleged that she has suffered permanent partial disability, pain and suffering and loss of enjoyment of life.  In her prayer, she seeks recovery of special damages in the amount of $39,367.03, and general damages as allowed by law.

The allegations in plaintiff's prayer for relief clearly establish a basis for recovery in excess of $75,000, exclusive of costs and interests.  In addition, plaintiff

submitted a demand on defendant for damages in the amount of $400,000.00.  Based upon the allegations in the pleadings and plaintiff's demand, the Court finds that at the time this action was removed from state court to federal court, there was diversity jurisdiction and that the amount in controversy exceeded $75,000.00, inclusive of costs and interest.  Accordingly, this Court had jurisdiction to hear this case.

On March 28, 2008, after removal, plaintiff filed a motion to remand, alleging she has amended her complaint to value her claim "not to exceed $74,000.00" and therefore jurisdiction is no longer proper.  The Court notes that no such amendment has been filed, and the defendant opposes remand.

As the Supreme Court of the United States noted in *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288-289:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.  The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.  Nor does the fact that the complaint discloses the existence of a valid defense to the claim.  But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty

8:08-cv-00124-LES-FG3  Doc # 17  Filed: 06/11/08  Page 3 of 3 - Page ID # 44

>     that the plaintiff never was
>     entitled to recover that amount,
>     and that his claim was therefore
>     colorable for the purpose of
>     conferring jurisdiction, the suit
>     will be dismissed.  Events
>     occurring subsequent to the
>     institution of suit which reduce
>     the amount recoverable below the
>     statutory limit do not oust
>     jurisdiction.

The Supreme Court further noted on Page 292:

>     And though, as here, the plaintiff
>     after removal, by stipulation, by
>     affidavit, or by amendment of his
>     pleadings, reduces the claim below
>     the requisite amount, this does not
>     deprive the district court of
>     jurisdiction.

For the foregoing reasons, the Court finds the motion of plaintiff to remand this case to state court should be denied. Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to remand is denied;

2) Plaintiff's motion for extension of time to meet and confer and file a planning report is granted; the parties shall have until June 27, 2008, to file their 26(f) report with the Court.

DATED this 11th day of June, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

-3-